UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Harpole Construction, Inc., New Mexico Domestic Profit
EIN: 47-0886258,

Debtor.                                                      No. 15-12630-t11

## DEBTOR'S MOTION FOR USE OF CASH COLLATERAL FOR THE INTERIM PERIOD (NOVEMBER 1, 2015, THROUGH DECEMBER 31, 2015)

Harpole Construction, Inc. ("Debtor"), the Debtor and Debtor In Possession, pursuant to Bankruptcy Code §§363(c) and Bankruptcy Rule 4001(b), by this motion (the "First Interim Motion") moves the Court for entry of an order authorizing the Debtor to use cash collateral, in accordance with the budget attached hereto as Exhibit A and as otherwise requested in this First Interim Motion beginning on November 1, 2015, and continuing to and including December 31, 2015. In support of this First Interim Motion, the Debtor STATES:

1. <u>Irreparable Harm to the Estate Without the Use of Cash Collateral</u>. The Debtor is a New Mexico corporation that engages in pipeline maintenance, repair, and installation. The Debtor requires the use of cash collateral to continue the operation of its business. Use of cash collateral is necessary to make payments for, among other things, equipment, payroll, payroll taxes, gross receipts taxes, insurance, materials and supplies, other expenses incurred in the ordinary course of the Debtor's business, and professional fees and expenses incurred in connection with this case. Without authority to use cash collateral, the Debtor will be forced to close, resulting in irreparable harm and damage to the Estate.

2. <u>Commencement of the Bankruptcy Case.</u> On October 2, 2015 (the "Petition Date"), the Debtor filed its petition under Chapter 11 of Title 11 of the United States Code.

DEBTOR'S MOTION FOR USE OF CASH COLLATERAL FOR    1
THE FIRST INTERIM PERIOD (NOVEMBER 1, 2015, THROUGH
DECEMBER 31, 2015) AND REQUEST FOR EMERGENCY HEARING

Case 15-12630-t11    Doc 27    Filed 10/23/15    Entered 10/23/15 17:04:50 Page 1 of 12

Pursuant to Bankruptcy Code §§ 1107 and 1108, the Debtor continues in possession of its property and operation of its business.

3. <u>Unsecured Creditors' Committee</u>. No unsecured creditors' committee has been formed.

4. <u>Nature of the Debtor's Business</u>. The Debtor is a New Mexico corporation that engages in pipeline maintenance, repair, and installation. The corporation was formed on September 3, 2002. Debtor has offices in Farmington, New Mexico, Hobbs, New Mexico, and Midland, Texas. The Debtor's management and equity security holders consist of the following: Jerry Harpole, Sr., President; Deborah Harpole, Secretary/Treasurer; Jerry E. Harpole, Jr., ten percent (10%) shareholder; and John E. Harpole, ten percent (10%) shareholder.

(a) <u>Employees.</u> The Debtor has approximately 165 employees. Debtor's payroll averages approximately $500,000 per month.

(b) <u>Assets</u>. The Debtor's assets consist of machinery and equipment, heavy trucks, light trucks, tractors, trailers, automobiles, and leasehold improvements. Combined, Debtor's assets hold an estimated value of approximately $5,000,000.

5. <u>Nature/Source of Cash Collateral</u>. The Debtor collects payments on accounts receivable that arose, and continue to arise, from its business services, the proceeds of which may constitute cash collateral pursuant to 11 U.S.C. §363(a).

6. <u>Non-Insider Creditors Holding or Claiming Liens Against Cash Collateral</u>. Four Corners Community Bank (the "Bank"), New Mexico Taxation and Revenue Department ("NMTRD"), and the Texas Comptroller of Public Accounts (the "Comptroller")(together the "Cash Collateral Claimants") are non-insider creditors that hold, claim, or may claim to hold a lien against cash collateral. The Bank claims to hold a lien pursuant to the promissory note and

DEBTOR'S MOTION FOR USE OF CASH COLLATERAL FOR 2
THE FIRST INTERIM PERIOD (NOVEMBER 1, 2015, THROUGH
DECEMBER 31, 2015) AND REQUEST FOR EMERGENCY HEARING

Case 15-12630-t11   Doc 27   Filed 10/23/15   Entered 10/23/15 17:04:50 Page 2 of 12

commercial security agreement, both dated April 9, 2003, and any amendments and modifications thereto, in which Debtor granted the Bank a security interest in, among other things, Debtor's "Accounts and Other Rights to Payment" (the "Agreements"). As of the Petition Date, Debtor owed the Bank approximately $300,000 on the April 9, 2003, promissory note. The value of the collateral is currently unknown.

NMTRD claims that approximately $50,000 of available cash on hand funds are owed, or will be owed, as trust fund taxes. Likewise, the Comptroller claims that approximately $180,000 of available cash on hand funds are owed, or will be owed, as trust fund taxes.

7. <u>Debtor's Request for Authority to Use Cash Collateral</u>

(a) The Debtor's estimated cash on hand funds, revenues, and operating expenses through December 31, 2015, are set forth on the budget attached hereto as <u>Exhibit A</u> (the "Budget"). The Debtor requests authority to use cash collateral in accordance with the Budget and the order resulting from this First Interim Motion.

(b) The Debtor requests authority to use cash collateral:

(i) to pay actual and necessary post-petition business and administrative expenses of the Debtor, in the amounts not to exceed 110% of the line item amount set forth on the Budget; and

(ii) to pay such other ordinary operating expenses and additional amounts for budgeted expenses as the Cash Collateral Claimants may, in their discretion, approve in writing.

(c) If the Debtor does not incur or pay the full amount shown on the Budget for a given week or month, the Debtor may carry over all such unexpended amounts to the following week or month, including without limitation any amounts budgeted for payment to

DEBTOR'S MOTION FOR USE OF CASH COLLATERAL FOR   3
THE FIRST INTERIM PERIOD (NOVEMBER 1, 2015, THROUGH
DECEMBER 31, 2015) AND REQUEST FOR EMERGENCY HEARING

Case 15-12630-t11   Doc 27   Filed 10/23/15   Entered 10/23/15 17:04:50 Page 3 of 12

Debtor's bankruptcy counsel for fees as allowed by the Court. The Debtor may pay the total accumulated unexpended amount allowed to and including the week in which the Debtor makes the payment.

8. <u>Adequate Protection</u>. The Debtor proposes the following adequate protection for the Bank, within the meaning of Bankruptcy Code §§361 and 363:

(a) The Bank shall continue to have a security interest upon, and the Debtor's obligations to the Bank shall be secured by, a security interest in all assets in which the Bank had a lien or security interest as of the Petition Date (the "Pre-Petition Collateral"), with the same validity and priority, and to the same extent, that existed at that time, which shall be subject to the same defenses and avoidance powers (if any) as existed on the Petition Date. In addition, the Bank shall be granted liens (the "Replacement Liens") against property of the same type as the Pre-Petition Collateral acquired by the Debtor post-petition (the "Post-Petition Collateral"), to the extent of any reduction or diminution in the value of the Bank's collateral.

(b) The Replacement Liens shall be deemed valid and perfected as of the Petition Date, without further filing or recording under any applicable law, to the same extent as the liens in the Pre-Petition Collateral were valid and perfected at that time, and shall have the same priority as their liens and security interests in the Pre-Petition collateral of the same type. The Replacement Liens shall be retroactive to the Petition Date.

9. <u>Additional Adequate Protection Provisions</u>. In addition, the Debtor shall:

(a) maintain accurate records of operating revenues and expenses and provide such information to the Cash Collateral Claimants upon reasonable written request;

(b) timely pay all post-petition payroll taxes, unemployment taxes, and New Mexico CRS taxes incurred post-petition; and

DEBTOR'S MOTION FOR USE OF CASH COLLATERAL FOR     4
THE FIRST INTERIM PERIOD (NOVEMBER 1, 2015, THROUGH
DECEMBER 31, 2015) AND REQUEST FOR EMERGENCY HEARING

Case 15-12630-t11    Doc 27    Filed 10/23/15    Entered 10/23/15 17:04:50 Page 4 of 12

(c) maintain insurance as required by the United States Trustee and as otherwise required by the Cash Collateral Claimants.

10. <u>Default</u>. The Debtor shall be in default of its authority to use cash collateral if (a) the Debtor fails to comply in a material respect with any requirements of the order entered on this First Interim Motion and such failure continues after ten (10) calendar days' written notice to Debtor's counsel, William F. Davis, Esq., sent via facsimile to (505) 247-3185 and email to daviswf@nmbankruptcy.com, and Debtor does not within that time file a motion with the Court to contest the alleged default; (b) this case is converted to a case under chapter 7 or is dismissed without the consent of the Cash Collateral Claimants. The Cash Collateral Claimants are allowed to waive any default.

11. <u>Proposed Order</u>. A proposed form of order is attached hereto as <u>Exhibit B</u>. The order provides, inter alia, that it shall have no collateral estoppel or res judicata effect concerning the amount, extent, validity or priority of any claims or liens and the value of any collateral.

WHEREFORE, the Debtor requests the following relief:

A. Authority to use cash collateral as requested in the budget in <u>Exhibit A</u>, in an amount not to exceed 110% of the line item amount set forth on the Budget, beginning on November 1, 2015, and continuing to and including December 31, 2015, after appropriate notice pursuant to Bankruptcy Rule 4001(b); and

B. Such other and further relief as the Court deems just and proper.

DEBTOR'S MOTION FOR USE OF CASH COLLATERAL FOR 5
THE FIRST INTERIM PERIOD (NOVEMBER 1, 2015, THROUGH
DECEMBER 31, 2015) AND REQUEST FOR EMERGENCY HEARING

Case 15-12630-t11    Doc 27    Filed 10/23/15    Entered 10/23/15 17:04:50 Page 5 of 12

Respectfully submitted,

WILLIAM F. DAVIS & ASSOC., P.C.
/s/ electronically filed on 10/23/15
William F. Davis, Esq.
6709 Academy NE, Suite A
Albuquerque NM 87109
Telephone: (505) 243-6129
Fax: (505) 247-3185
*Attorneys for Debtor and Debtor In Possession*

This certifies that on October 23, 2015, a copy of this Motion was filed with the Court's CM/ECF system, whereupon service was automatically effected on all parties registered therewith to receive service. Additionally, pursuant to Fed. R. Bankr. P. 4001(b)(1)(C), service was also effected on the following parties, via USPS first-class mail, postage prepaid, as follows:

By mail to the creditors included on the list filed under Bankruptcy Rule 1007(d) and:

United States Trustee
PO Box 608
Albuquerque NM 87103

Four Corners Community Bank
C/O James Askew
ASKEW AND MAZEL, LLC
320 Gold Ave. S.W. Ste 300A
Albuquerque, NM 87102

New Mexico Taxation and Revenue Department
James C. Jacobsen
Assistant Attorney General
111 Lomas Blvd. NW, Suite 300
Albuquerque, NM 87102-2368

Texas Comptroller of Public Accounts
Kimberly A. Walsh
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

/s/ 10/23/15
William F. Davis, Esq.
F:\Harpole Construction, Inc\Cash Collateral\First Interim CC Motion (Through Jan.2016)10.14.15.doc

DEBTOR'S MOTION FOR USE OF CASH COLLATERAL FOR       6
THE FIRST INTERIM PERIOD (NOVEMBER 1, 2015, THROUGH
DECEMBER 31, 2015) AND REQUEST FOR EMERGENCY HEARING

Case 15-12630-t11    Doc 27    Filed 10/23/15    Entered 10/23/15 17:04:50 Page 6 of 12

## HARPOLE CONSTRUCTION INC. PROJECTED BUDGET:

|  | NOVEMBER | DECEMBER | JANUARY |
|---|---|---|---|
| Cash On Hand | $747,326.00 | $1,037,842.00 | $1,797,213.00 |
| Revenues | $766,245.00 | $954,600.00 | $1,113,000.00 |
| Total Funds: | $1,513,571.00 | $1,992,442.00 | $2,910,213.00 |
| Payroll | $165,000.00 | $170,000.00 | $180,000.00 |
| Federal Taxes | $40,000.00 | $38,000.00 | $45,000.00 |
| NM State Taxes | $35,000.00 | $22,000.00 | $22,000.00 |
| TX State Taxes | $77,500.00 | $51,850.00 | $65,800.00 |
| Child Support | $2,650.00 | $2,650.00 | $2,650.00 |
| Fuel | $11,500.00 | $12,800.00 | $13,500.00 |
| Parts & Repairs | $18,000.00 | $17,500.00 | $17,500.00 |
| Shop Supplies | $1,000.00 | $1,500.00 | $1,200.00 |
| Utilities | $5,500.00 | $5,500.00 | $5,500.00 |
| Telephone | $3,350.00 | $3,350.00 | $3,350.00 |
| Office Supplies | $2,200.00 | $2,500.00 | $2,000.00 |
| Computer Support | $720.00 | $720.00 | $720.00 |
| Health Ins. | $35,600.00 | $35,600.00 | $35,600.00 |
| Dental Ins. | $2,034.00 | $2,034.00 | $2,034.00 |
| Nationwide Trust (401K) | $8,000.00 | $8,000.00 | $5,000.00 |
| Kidder Benefits (401K) | $625.00 | $625.00 | $625.00 |
| Workers Compensation | $27,000.00 | $31,000.00 | $31,000.00 |
| GL/Prop/Auto/IM Ins | $39,000.00 | $39,000.00 | $39,000.00 |
| Office Rent-Midland | $500.00 | $500.00 | $500.00 |
| Janitorial-3 locations | $1,500.00 | $1,500.00 | $1,500.00 |
| Equipment/P/us | 18,200.00 | 18,200.00 | 18,200.00 |
| Total Expenditures | 486879 | 456829 | 484679 |
| Cash On Hand | ~~$1,037,842.00~~ | ~~$1,545,813.00~~ | ~~$2,435,734.00~~ |
|  | $1,026762.00 | $1535613.00 | $2425534.00 |

EXHIBIT A

Case 15-12630-t11    Doc 27    Filed 10/23/15    Entered 10/23/15 17:04:50 Page 7 of 12

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Harpole Construction, Inc., New Mexico Domestic Profit
EIN: 47-0886258,

Debtor.

No. 15-12630-t11

## ORDER ON DEBTOR'S MOTION FOR USE OF CASH COLLATERAL FOR THE INTERIM PERIOD (NOVEMBER 1, 2015 THROUGH DECEMBER 31, 2015)

THIS MATTER came before the Court upon the Debtor's First Interim Motion for Use of Cash Collateral (the "First Interim Motion"), Doc. _, filed herein on October 23, 2015, and the hearing thereon held on November 2, 2015. The Debtor appeared by and through its attorneys, William F. Davis & Associates, P.C. (William F. Davis, Esq.). Four Corners Community Bank appeared through its attorneys, Askew & Mazel, LLC (James A. Askew). New Mexico Taxation and Revenue Department appeared through its attorney, Hector H. Balderas, Attorney General of the State of New Mexico (James C. Jacobsen, Assistant Attorney General). Texas Comptroller of Public Accounts appeared through its attorney, Ken Paxton, Attorney General of Texas (Kimberly A. Walsh, Assistant Attorney General). The Court, being sufficiently advised, FINDS:

Order on Debtor's Motion for
Use of Cash Collateral for the
Interim Period
(November 1, 2015, Through December 31, 2015)

Page 1 of 5

EXHIBIT B

1. On October 2, 2015 (the "Petition Date"), the Debtor filed its petition under Chapter 11 of Title 11 of the United States Code. Pursuant to Bankruptcy Code §§ 1107 and 1108, the Debtor continues in possession of its property and operation of its business. To date, no request has been made for the appointment of a trustee or examiner in this Case.

2. The Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion is a "core" proceeding as defined in 28 U.S.C. § 157(b)(2). Venue of the Case and the Motion in this Court is proper pursuant to 28 U.S. §§ 1408 and 1409.

3. Debtor is a New Mexico corporation that engages in pipeline maintenance, repair, and installation. The corporation was formed on September 3, 2002.

4. Debtor filed its Motion for use of Cash Collateral for the Interim Period (November 1, 2015, Through December 31, 2015) on October 23, 2015, in which it requested entry of an order authorizing the Debtor to use Cash Collateral through December 31, 2013.

5. Four Corners Community Bank (the "Bank"), New Mexico Taxation and Revenue Department ("NMTRD"), and the Texas Comptroller of Public Accounts (the "Comptroller")(together the "Cash Collateral Claimants") are non-insider creditors that hold, claim, or may claim to hold a lien against cash collateral. The Bank claims to hold a lien pursuant to the promissory note and commercial security agreement, both dated April 9, 2003, and any amendments and modifications thereto, in which Debtor granted the Bank a security interest in, among other things, Debtor's "Accounts and Other Rights to Payment" (the "Agreements"). As of the Petition Date, Debtor owed the Bank approximately $300,000 on the April 9, 2003, promissory note. The value of the collateral is currently unknown.

Order on Debtor's Motion for
Use of Cash Collateral for the
Interim Period
(November 1, 2015, Through December 31, 2015)

Page 2 of 5

Case 15-12630-t11    Doc 27    Filed 10/23/15    Entered 10/23/15 17:04:50 Page 9 of 12

NMTRD claims that approximately $50,000 of available cash on hand funds are owed, or will be owed, as trust fund taxes. Likewise, the Comptroller claims that approximately $180,000 of available cash on hand funds are owed, or will be owed, as trust fund taxes.

6. Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use, sell or lease "cash collateral" unless (i) each entity that has an interest in such cash collateral consents; or (ii) the Court, after notice and hearing, authorizes the use of the cash collateral.

7. Debtor requires the use of cash collateral to continue the operation of its business and to make payments for, among other things, equipment, payroll, payroll taxes, gross receipts taxes, insurance, materials and supplies, other expenses incurred in the ordinary course of the Debtor's business, and professional fees and expenses incurred in connection with this case.

8. Cash Collateral Claimants consent to Debtor's use of the claimed Cash Collateral in accordance with the budget attached hereto as <u>Exhibit A</u> and the terms and conditions set forth in this Interim Order.

9. Debtor gave notice of the First Interim Motion to the United States Trustee, Cash Collateral Claimants, and the creditors included on the list filed under Bankruptcy Rule 1007(d), as shown on the Certificate of Service on the First Interim Motion. Doc. ___.

10. Debtor's notice was sufficient in form and content.

IT IS THEREFORE ORDERED:

A. The Debtor is authorized to use Cash Collateral pursuant to Bankruptcy Code § 363 during the Interim Period, beginning on November 1, 2015, and continuing to and including December 31, 2015, for the actual and necessary post-petition business and administrative expenses of the Debtor in accordance with those categories identified in the Budget attached hereto as Exhibit A, in an amount not to exceed 110% of the line item amount set forth on the

Order on Debtor's Motion for
Use of Cash Collateral for the
Interim Period
(November 1, 2015, Through December 31, 2015)

Page 3 of 5

Case 15-12630-t11    Doc 27    Filed 10/23/15    Entered 10/23/15 17:04:50 Page 10 of 12

Budget. Debtor's expenditures shall be limited to those categories identified on the attached Budget. Debtor's actual expenses may deviate from the amounts on the projected Budget. Debtor shall not use Cash Collateral to pay any pre-petition indebtedness, except as expressly authorized by this Order or further order of the Court;

      B.     As adequate protection for use of the claimed Cash Collateral from November 1, 2015, through December 31, 2015, the Bank is hereby granted replacement liens on the claimed cash collateral, with the same validity and priority, and to the same extent, as the Bank's liens that existed on the Petition Date;

      C.     The Debtor shall be in default of its authority to use cash collateral if (a) the Debtor fails to comply in a material respect with any requirements of the order entered on this First Interim Motion and such failure continues after ten (10) calendar days' written notice to Debtor's counsel, William F. Davis, Esq., sent via facsimile to (505) 247-3185 and email to daviswf@nmbankruptcy.com, and Debtor does not within that time file a motion with the Court to contest the alleged default; (b) this case is converted to a case under chapter 7 or is dismissed without the consent of the Cash Collateral Claimants. The Cash Collateral Claimants are allowed to waive any default; and

      D.     Entry of this Order has no collateral estoppel or *res judicata* effect concerning the amount, extent, validity or priority of any claims or liens and the value of any collateral.

### END OF ORDER ###

Order on Debtor's Motion for
Use of Cash Collateral for the
Interim Period
(November 1, 2015, Through December 31, 2015)

Page 4 of 5

Case 15-12630-t11   Doc 27   Filed 10/23/15   Entered 10/23/15 17:04:50 Page 11 of 12

Submitted by:

WILLIAM F. DAVIS & ASSOC., P.C.
/s/ electronically submitted on 10/23/15
William F. Davis, Esq.
6709 Academy Rd NE, Ste A
Albuquerque, NM 87109
Telephone: (505) 243-6129
Fax: (505) 247-3185
*Attorneys for Debtor and Debtor In Possession*

Order on Debtor's Motion for
Use of Cash Collateral for the
Interim Period
(November 1, 2015, Through December 31, 2015)

Page 5 of 5

Case 15-12630-t11    Doc 27    Filed 10/23/15    Entered 10/23/15 17:04:50 Page 12 of 12