UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

HARPOLE CONSTRUCTION, INC.                     Case No. 15-12630-ta11

    Debtor.

## FOUR CORNERS COMMUNITY BANK'S MOTION TO CONVERT CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, OR, IN THE ALTERNATIVE, APPOINT A CHAPTER 11 TRUSTEE

Four Corners Community Bank ("**FCCB**"), by counsel, Askew & Mazel, LLC (James A. Askew & Daniel A. White), pursuant to 11 U.S.C. § 1112(b), moves the Court to convert the above-captioned case to a case under chapter 7 of the bankruptcy code, or in the alternative, to appoint a chapter 11 trustee under 11 U.S.C. § 1104. As grounds for and in support of this Motion, FCCB states:

1. On October 2, 2015 (the "**Petition Date**"), the Debtor commenced this bankruptcy case by filing a voluntary petition under chapter 11 of the Bankruptcy Code. Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtor has retained possession of his assets as Debtor in Possession.

2. Under 11 U.S.C. § 1112(b)(1), "on the request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

3. Under 11 U.S.C. § 1112(b)(4)(A), "cause" includes "substantial or continuing diminution of the estate and the absence of a reasonable likelihood of rehabilitation."

4. On January 30, 2017, in Adv. No. 16-1058-t, captioned *Harpole Construction, Inc. vs. Medallion Midstream, LLC*, this Court issued an *Opinion* and entered a *Judgment* in favor of Medallion Midstream LLC ("**Medallion**") and against the Debtor, which offset $886,248.76 in outstanding invoices from the Debtor to Medallion, entered a judgment in favor of Medallion and against the Debtor in the amount of $28,850.71, and ordered Medallion to pay liens filed against its property by two subcontractors, Tech Con Trenching Inc. and Hoot-Johnson Construction, Inc., in the aggregate amount of $272,843.30. Adv. No. 16-1058-t, Doc. Nos. 95 and 96.

5. However, even without accounting for the loss of the receivables relating to the Medallion decision, the Debtor has not been operating profitably, as evidenced by an analysis of the Debtor's monthly operating reports for that period. As shown below, when fluctuations in receivables and taxes unpaid as of December 31, 2016 are accounted for, the Debtors' average monthly losses are -$31,392.95 for the period from July 2016 through December 2016:

| Month | Income | Expenses | Change in A/Rs | Unpaid Taxes | Net Income |
|---|---|---|---|---|---|
| December 2016 | $ 171,508.00 | $ 376,861.00 | $ (77,239.58) | $ 15,619.83 | $ (298,212.41) |
| November 2016 | $ 778,158.00 | $ 520,034.00 | $ 7,621.86 | $ 52,008.86 | $ 213,737.00 |
| October 2016 | $ 254,821.00 | $ 308,166.00 | $ 180,181.19 | $ - | $ 126,836.19 |
| September 2016 | $ 253,023.00 | $ 274,578.00 | $ 13,943.91 | $ 80,948.54 | $ (88,559.63) |
| August 2016 | $ 188,609.00 | $ 428,711.00 | $ 191,582.76 | $ 40,869.48 | $ (89,388.72) |
| July 2016 | $ 1,141,711.00 | $ 1,201,349.00 | $ 6,867.89 | $ - | $ (52,770.11) |
| **AVERAGE** | **$ 464,638.33** | **$ 518,283.17** | **$ 53,826.34** | **$ 31,574.45** | **$ (31,392.95)** |

Debtor's Monthly Operating Reports, June 2016 through December 2016, Doc. Nos. 268, 285, 291, 318, 347, 361, and 390.

6. Again, these net losses do not account for the loss of the $886,248.76 in receivables from Medallion, which were booked on the Debtor's accounts receivable in July,

August and October 2016. When the loss of the Medallion receivables is accounted for, the Debtor's true losses of -$179,101.07 per month on average, show:

| Month | Income | Expenses | Change in A/Rs | Medallion A/Rs | Unpaid Taxes | Net Income |
|---|---|---|---|---|---|---|
| December 2016 | $ 171,508.00 | $ 376,861.00 | $ (77,239.58) | $ - | $ 15,619.83 | $ (298,212.41) |
| November 2016 | $ 778,158.00 | $ 520,034.00 | $ 7,621.86 | $ - | $ 52,008.86 | $ 213,737.00 |
| October 2016 | $ 254,821.00 | $ 308,166.00 | $ 180,181.19 | $ (207,386.00) | $ - | $ (80,549.81) |
| September 2016 | $ 253,023.00 | $ 274,578.00 | $ 13,943.91 | $ - | $ 80,948.54 | $ (88,559.63) |
| August 2016 | $ 188,609.00 | $ 428,711.00 | $ 191,582.76 | $ (155,215.94) | $ 40,869.48 | $ (244,604.66) |
| July 2016 | $ 1,141,711.00 | $ 1,201,349.00 | $ 6,867.89 | $ (523,646.82) | $ - | $ (576,416.93) |
| AVERAGE | $ 464,638.33 | $ 518,283.17 | $ 53,826.34 | $ (147,708.13) | $ 31,574.45 | $ (179,101.07) |

Debtor's Monthly Operating Reports, June 2016 through December 2016, Doc. Nos. 268, 285, 291, 318, 347, 361, and 390. *See also* Exhibit A (DIP account and account receivable report dated February 3, 2017, provided by the Debtor, breaking down Medallion receivables by month).

7. Unfortunately, the Debtor's losses over the past six months have also meant that administrative expenses of the estate have gone unpaid, leading to a tremendous shortfall in funds available to pay administrative expenses, as compared to the amount of post-petition debt. As shown below, FCCB believes the amount of asserted administrative expenses of the estate which are unpaid is at least $860,942.65, assuming that Medallion pays the liens it has been ordered to, and assuming that Jerry E. Harpole and Deborah Harpole's statements at the meeting of creditors in their personal bankruptcy case regarding having paid a portion of the Debtor's post-petition debt to the San Juan County Treasurer are accurate:

**Unpaid Administrative Expenses**

| Claimant | Amount | Docket No. | Page |
|---|---|---|---|
| Tal Young P.C. | $ 38,871.39 | 379 | 9 |
| Hoot Johnson Construction, Inc. | $ 355,393.73 | 380 | 2 |
| Internal Revenue Service | $ 266,201.00 | 383 | 1 |
| NM Taxation & Revenue | $ 45,064.77 | 392 | 1 |

3

| | | | |
|---|---|---|---|
| San Juan County Treasurer | $ 21,864.12 | 390-1 | 20 |
| William F. Davis & Associates, P.C. | $ 240,842.29 | 390-1 | 9 |
| NM Workforce Solutions | $ 24,786.70 | 395 | 1 |
| Medallion Midstream | $ 28,850.71 | 95 (AP 1058) | 15 |
| Tech Con Lien | $ 122,843.30 | 95 (AP 1058) | 14 |
| **SUBTOTAL** | **$ 1,144,718.01** | | |
| Hoot Johnson Construction, Inc. | $ (150,000.00) | 95 (AP 1058) | 14 |
| Tech Con Lien | $ (122,843.30) | 95 (AP 1058) | 14 |
| San Juan County Treasurer | $ (10,932.06) | n/a | n/a |
| **TOTAL** | **$ 860,942.65** | | |

8.  Unfortunately, $860,942.65 in unpaid administrative expenses does not compare favorably to the amount of cash on hand, $75,520.05 as of February 3, 2017. Exhibit A, p. 1.

9.  Based on Exhibit A, FCCB believes the value of the Debtor's cash on hand and collectible accounts receivable to be $505,359.31 as of February 3, 2017, calculated as follows:

| Source | Amount | Notes |
|---|---|---|
| Cash on Hand | $ 75,520.05 | |
| EZ Shade AR | $ 2,075.98 | Originally due June and July 2016. No pmts. |
| Medallion Midstream AR | $ 886,248.76 | Setoff |
| Williams AP Midstream AR | $ 429,839.26 | |
| **SUBTOTAL** | **$ 1,393,684.05** | |
| Uncollectable EZ Shade AR | $ (2,075.98) | |
| Uncollectable Medallion Midstream AR | $ (886,248.76) | |
| **TOTAL** | **$ 505,359.31** | |

10. As a result, there is a shortfall of -$355,583.34 between the Debtor's unpaid administrative expenses and all cash on hand and collectible accounts receivable.

11. As shown below, the shortfall increases to -$657,079.23 when FCCB's security interest in the Debtor's cash and receivables is considered:

**Operating Deficit**

| Item | Amount | Source |
|---|---|---|
| Cash on Hand | $ 75,520.05 | Exhibit A |
| Williams AP Midstream AR | $ 429,839.26 | Exhibit A |

4

| | | |
|---|---|---|
| Unpaid Administrative Expenses | $ (860,942.65) | Above |
| Loan 1640 as of Petition Date | $ (301,495.89) | Claim 83, p. 4. |
| **TOTAL OPERATING DEFICIT** | **$ (657,079.23)** | |

12. As a result, FCCB believes it is clear that there has been substantial and continuing diminution of the estate.

13. In the present situation, FCCB also believes that there is not a substantial likelihood of rehabilitation.

14. The Debtors have been operating at a loss, even when the loss of the Medallion receivables is not considered, and have not been current on their tax debts since fall of 2016.

15. The Debtor's failure to operate profitably, combined with the mounting administrative expenses in this indicate that there is not a reasonable likelihood of rehabilitation in this case.

16. As a result, FCCB believes that cause exists to convert or dismiss the bankruptcy case under 11 U.S.C. § 1112(b).

17. FCCB believes that because the Debtor has material assets and numerous creditors, an orderly liquidation in chapter 7 is in the best interest of creditors, and therefore is not requesting that the case be dismissed.

18. In the alternative to conversion of the case to a case under chapter 7, FCCB requests that a chapter 11 trustee be appointed pursuant to 11 U.S.C. § 1104, for cause, on account of the substantial and continuing diminution of the estate, set forth above, in order to perform an orderly liquidation of the Debtor.

19. The substantial and continuing diminution of the assets of the estate in this case over the eighteen (18) months since the Petition Date, failure to pay post-petition taxes, and mounting administrative claims, all as set forth above, constitute gross mismanagement on the

part of the Debtor under 11 U.S.C. § 1104(a), and are cause for appointment of a chapter 11 trustee.

WHEREFORE, Four Corners Community Bank requests that this Court convert the above-captioned bankruptcy case to a case under chapter 7 of the bankruptcy code, or, in the alternative, that a chapter 11 trustee be appointed to administer the assets of the Debtor's bankruptcy estate, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

ASKEW & MAZEL, LLC

By: *s/ Daniel A. White*
    James A. Askew
    Daniel A. White
    320 Gold Ave. S.W., Suite 300A
    Albuquerque, NM 87102
    (505) 433.3097 (phone)
    (505) 717.1494 (fax)
    jaskew@askewmazelfirm.com
    dwhite@askewmazelfirm.com
*Attorneys for Creditor Four Corners Community Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served on all counsel of record via the Court's CM/ECF electronic filing system on this 13th day of February, 2017.

s/ *Daniel A. White*
Daniel A. White