UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

HARPOLE CONSTRUCTION, INC.,　　　　　　　　　　Case no. 15-12630 t11

　　　Debtor.

# **OPINION**

Before the Court is an interim fee application filed by counsel for the Unsecured Creditors' Committee in this case. The fee application seeks approval of $83,871.39 in fees, costs, and expenses, for time billed between his counsel's appointment and November 28, 2016. The main point in contention is whether counsel's hourly rate of $325 should be reduced to $280. After considering the application, the objections, and the evidence presented at a final hearing, the Court will grant the application, with the adjustments discussed below.

## I.　　FACTS

For the limited purpose of ruling on the motion, the Court finds:

Debtor is a limited liability company doing construction work in eastern New Mexico. Debtor filed this Chapter 11 case on October 2, 2015. The United States Trustee appointed the Unsecured Creditors' Committee ("UCC") about three weeks later.

On November 3, 2015, Tal Young, P.C. ("Counsel") filed an application pursuant to 11 U.S.C. § 328[1] to be employed as attorney for the UCC. The application stated in part:

> The UCC desire to employ [Counsel] at the following hourly rates, subject to the
>
> review and allowance of the Court:
>
> 　　a. Steven Tal Young $325.00/hour
> 　　b. Paralegals $160.00/hour

---

[1] Unless otherwise noted, all statutory reference are to 11 U.S.C.

Counsel was to receive a $10,000 retainer, plus monthly payments after the retainer was depleted.

By an order entered December 4, 2015, the Court approved the application. The order provided that all compensation was subject to final Court approval under §§ 328, 330, and 331. Specifically, "[f]inal approval of Tal Young's hourly rate and the paralegal hourly rate" was to "be resolved at the time of filing counsel's fee application." The order authorized Debtor to pay Counsel 75% of fees and 100% of costs and tax prior to the final determination.

Between the application date and November 20, 2016, Counsel billed the estate as follows:

| Area | Hours | Amount |
| --- | --- | --- |
| § 341 meeting | 6.0 | $ 1,917.50 |
| Administrative | 22.1 | $ 6,955 |
| Adversary | 37.5 | $11,992.50 |
| Application for Compensation | 1.7 | $    552.50 |
| Cash collateral | 37.8 | $12,155 |
| Chapter 11 | .3 | $     97.50 |
| Claims Administration | 8.8 | $ 2,860 |
| Creditor maintenance | 2.7 | $    877.50 |
| DIP Account | 2.4 | $    780 |
| Disclosure statement | 23 | $ 7,475 |
| Discovery | 2 | $    650 |
| Employment of professionals | 2.2 | $    455 |
| Fee/Retention issues | 2.2 | $    715 |
| Insurance matters | 1 | $    325 |
| Lien Claimants | .2 | $     65 |
| Litigation | .2 | $     65 |
| MOR | 2.1 | $    682.50 |
| Plan | 50.7 | $16,477.50 |
| Rule 2004 exam | 20.7 | $ 6,695 |
| Salary issues | 1.3 | $    422.50 |
| Schedules and Statements | 3.3 | $    942.50 |
| Settlement matters | .2 | $     65 |
| Stay lift | 11.6 | $ 3,770 |
| Tax matters | .1 | $     32.50 |
| Total | 240.1[2] | $77,025 |

---

[2] The total hours listed in the application is 240.5. Counsel did not include a summary broken down by task. Based on the Court's own calculations from the billing statements, which include an adjustment for time Counsel wrote off, the Court finds Counsel billed a total of 240.1 hours.

Counsel also seeks reimbursement of $952.20 in copy charges, $5,640.83 in New Mexico Gross Receipts tax, and $253.66 of postage. The application total is $83,871.39.

The UCC, through Counsel, was an active participant in most contested matters and certain adversary proceedings. The UCC's involvement may have been one reason Debtor initially proposed a plan of reorganization with a 50% dividend to unsecured creditors.[3]

Counsel filed the application on January 12, 2017. Counsel has received $45,000 in interim compensation from the estate, including $40,857.79 in fees; $1,205.56 in costs; and $2,936.65 in taxes. Counsel seeks an order allowing the entire application amount as an administrative expense, and directing Debtor to pay the unpaid balance.

Debtor and Four Corners Community Bank objected to the fee application. The bank did not object to the amount of the fees requested, but asks that they be paid pro rata with other administrative expenses, and subject to any cash collateral orders.[4]

At trial, Debtor conceded that Counsel's services were actual and necessary, but asserted that his requested hourly rate ($325) is too high. Debtor argues that the hourly rate should be reduced to $280.

Counsel has been practicing for 25 years. He has spent much of his time representing debtors, creditors, and other interested parties in chapter 7, 13, and 11 cases. Counsel has not obtained a board certification in bankruptcy. Before attending law school, Counsel worked in the oil fields, which gave him useful knowledge and background for this case.

---

[3] That plan was withdrawn due to, inter alia, a continuing difficult business environment in the Eastern New Mexico-West Texas oil patch. The current plan of reorganization, which has not been confirmed, proposes a dividend of about 25% to non-priority unsecured creditors.

[4] The bank initially objected on the ground that the requested compensation exceeded the monthly allowances set forth in Debtor's cash collateral budget. The Court overruled the argument, as cash collateral authority has no impact on the ultimate amount of an administrative expense. Nevertheless, if Debtor wishes to pay the allowed fees at a faster rate than is budgeted under the current cash collateral order, it should seek a modification of that budget.

Between 2011 and 2017, Counsel was involved in various bankruptcy cases in New Mexico and Texas, including four chapter 11 cases in 2015 and 2016. For example, counsel represented the debtor in possession in *In re Akbari,* case no. 11-15351 and in four jointly administered cases involving *Santa Fe Medical Group,* case nos. 15-11247; 15-11248; 15-10318; and 15-11250. Counsel's billable rate in those cases was $280 per hour. Debtor asks that Counsel's rate be reduced to that amount. Debtor also objects to the hourly paralegal rate of $160. The Court need not address that objection because Counsel's billing statements do not appear to reflect any paralegal fees.

## II.     DISCUSSION

A.     Section 330(a).

Attorney compensation in Chapter 11 cases is governed by 11 U.S.C. § 330(a). To be compensable, the fees must be for services that were actual and necessary. § 330(a)(1)(A). If the services pass that test, then the fees for those services must be "reasonable." *Id. See also In re Lederman Enterprises, Inc.*, 997 F.2d 1321, 1323 (10th Cir. 1993) (citing *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974)).

"[B]ankruptcy court[s] must consider the § 330(a)(3) and Johnson factors in evaluating whether a proposed fee amount is reasonable…" *In re Market Center East Retail Property, Inc.,* 730 F.3d 1239, 1249 (10th Cir. 2013). This is true for contingent and fixed fee arrangements. *Id.* Section 330(a)(3) requires courts to consider the nature, extent, and value of the services, taking into account all relevant factors, including:

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

-4-

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

The Johnson factors, which are somewhat duplicative of § 330(a)(3), require the Court to consider:

(1) The time and labor required.
(2) The novelty and difficulty of the questions.
(3) The skill requisite to perform the legal service properly.
(4) The preclusion of other employment by the attorney due to acceptance of the case.
(5) The customary fee.
(6) Whether the fee is fixed or contingent.
(7) Time limitations imposed by the client or the circumstances.
(8) The amount involved and the results obtained.
(9) The experience, reputation, and ability of the attorneys.
(10) The "undesirability" of the case.
(11) The nature and length of the professional relationship with the client.
(12) Awards in similar cases.

*Market Center East,* 730 F.3d at 1247 (citing *Johnson*, 488 F.2d at 717-719).

B.  Weighing the Factors.

The Court weighs each factor as follows:

| § 330(a)(3) Factor | Discussion |
|---|---|
|  |  |
| (a)(3)(A) Time spent | Counsel spent about 240 hours working on the case, of which 237 were billed. This amount of time is reasonable for the case. |
| (a)(3)(B) Rates charged | The rate is discussed below. |
| (a)(3)(C) Necessary/beneficial | All parties agree the services were beneficial and necessary. |
| (a)(3)(D) Timeliness | The services were performed timely. |
| (a)(3)(E) Skill/experience | Counsel is an experienced bankruptcy lawyer. |
| (a)(3)(F) Customary | There was no evidence on the rates Counsel charged in |

| | |
|---|---|
| compensation in non-bankruptcy cases | non-bankruptcy cases. |

| *Johnson* Factors | Discussion |
|---|---|
| Time and labor required? | This factor is more applicable to contingent fee cases. The time spent was reasonable, all things considered. |
| Novelty and difficulty of the questions? | The case was not particularly novel, but Debtor was facing a difficult business environment in the oil and gas industry. |
| Skill requisite to perform the legal service properly? | The case required an attorney skilled in Chapter 11 cases, and with the ability to negotiate. Attorney has those skills. |
| Preclusion of other employment due to acceptance of the case? | Counsel testified the case precluded other employment, to a certain extent. This factor is somewhat neutralized by the fact that Counsel was billing hourly. |
| Customary fee? | The customary fee is discussed below. |
| Whether the fee is fixed or contingent? | Counsel's hourly rate was fixed. |
| Time limitations imposed by the client or circumstances? | There is no evidence of time limitations. |
| Amount involved and results obtained? | If the current plan is confirmed and the unsecured creditors receive a 25% dividend, then the result achieved will be good, all things considered. |
| Experience, reputation, and ability of the attorneys? | Counsel has experience representing debtors, creditors, and other parties in Chapter 11 cases. |
| Undesirability of the case? | Representing the UCC typically is desirable, except all bankruptcy cases present a risk of nonpayment. |
| Nature and length of professional relationship with the client? | This factor does not apply to UCC counsel. |
| Awards in similar cases? | As discussed below, the evidence on this factor was limited. |

After weighing all the factors, the Court concludes the fees for the services are reasonable, subject to the adjustments discussed below.

C. The Hourly Rate.

Debtor takes issue with Counsel's hourly rate. When examining the hourly rate, courts look to "the prevailing market rate in the relevant community for an attorney of similar experience." *Guides, Ltd. v. Yarmouth Group Prop. Mgmt*., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002). The Court may draw on its own experience about the case and customary rates. *See Smith*

*v. Freeman*, 921 F.2d 1120, 1122 (10th Cir. 1990) (in assessing fees, "[a] district judge … may …turn to her own knowledge to supplement the evidence") (quotations omitted); *Case v. Unified School Dist. No. 233, Johnson County, Kan*., 157 F.3d 1243, 1257 (10th Cir. 1998) ("only if the district court does not have before it adequate evidence of prevailing market rates may the court, in its discretion, use other relevant factors, including its own knowledge, to establish the rate.").

The party requesting the fees bears the ultimate "burden of showing that the requested rates are in line with those prevailing in the community...." *Ellis v. Univ. of Kan. Med. Ctr*., 163 F.3d 1186, 1203 (10th Cir. 1998). "To meet this burden, the claimant must produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Guides, Ltd.*, 295 F.3d at 1078 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)).

Here, Counsel presented evidence about his experience, the time and labor required by the representation, and the difficulty of the case. While this evidence factors into the overall analysis, Counsel did not address whether the requested rate of $325 per hour is customary under the circumstances. The only evidence regarding rates is that Counsel charged $280 an hour in every other recent bankruptcy case, including several chapter 11 cases. It may be that the customary rate in New Mexico is $325, or that this case warranted a higher amount. However, Counsel did not adequately explain why he charged $55 per hour more here, or provide evidence of whether similar attorneys are charging $325 per hour for similar work. Counsel therefore did not carry his burden of supporting the $325 figure. After carefully considering all factors in *Johnson* and § 330(a)(3), and in light of the evidence at trial, the Court rules that it should adjust Counsel's hourly rate to $280 per hour. For 240.1 hours, Counsel will be entitled to $67,228 in fees.

D.  Copy Charges.

Counsel charged for copies at $.30 a page, but his employment application states that he would charge $.15 per page. The Court finds that $.15 per page is reasonable, and will make that adjustment, which totals $476.10.

III.  CONCLUSION

Ruling on fee applications is often difficult. In this case, the only evidence about customary hourly rates indicates that a reasonable rate for Counsel in this case is $280 per hour. The Court therefore will adjust the rate, along with the gross receipts taxes on attorney fees,[5] accordingly. The Court also will adjust the copy charges from $.30 to $.15 per page. As adjusted, the fees, expenses, and taxes will be allowed as an administrative expense. The allowed compensation may be paid pro rata along with other administrative expenses, subject to the cash collateral order in effect.

A separate order will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered:  April 26, 2017

Copies to:

Steven Tal Young
20 First Plaza, NW, Suite 500
Albuquerque, NM 87102

---

[5] The applicable gross receipts tax rate for Albuquerque, New Mexico is 7.3125%, according to the New Mexico Taxation and Revenue Department.

Leonard Martinez-Metzgar
P.O. Box 608
Albuquerque, NM 87103

Daniel White
320 Gold Ave S.W., Suite 300A
Albuquerque, NM 87102

William F. Davis
6709 Academy NE, Suite A
Albuquerque, NM 87109